United States District Court
Southern District of Texas
**ENTERED**
July 25, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD LENOR, TDCJ #1675926, | § § § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. H-17-2088 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent.[1] | § | |

## **MEMORANDUM AND ORDER**

Donald Lenor (TDCJ #1675926), a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a prison disciplinary conviction. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

---

[1] The petitioner names several correctional officers and officials as the respondents. Because the petitioner is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), Director Lorie Davis is substituted as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

**I.       BACKGROUND**

Lenor is currently incarcerated in TDCJ as the result of several convictions from Harris County, Texas, including: (1) assault on a public servant with bodily injury, cause no. 1267397; (2) possession of cocaine, cause no. 1267398; (3) aggravated assault, cause no. 1146561; (4) aggravated assault, cause no. 864324; and (5) aggravated assault, cause no. 864323.[2] Lenor does not challenge any of his prior convictions here.

Lenor now seeks relief from a prison disciplinary conviction that was entered against him at the Ferguson Unit, where he is currently incarcerated.[3] On April 27, 2017, Lenor was convicted in disciplinary case #20170247351 of assaulting an officer by grabbing the officer's arm through the bars of his cell.[4] As a result of this disciplinary conviction Lenor was restricted to his cell and his commissary privileges were curtailed for 30 days.[5] He was reduced in custodial status and he also forfeited

---

[2]     *See* Texas Department of Criminal Justice, Offender Information, at https://offender.tdcj.texas.gov/Offender Search (last visited July 18, 2017).

[3]     Petition [Doc. # 1], at 5.

[4]     TDCJ Hearing Report and Record, Case #20170247351 [Doc. # 1], at 13.

[5]     *Id.*

2

15 days of previously earned good-time credit.[6] Lenor filed grievances to challenge the conviction, but his appeal was unsuccessful.[7]

Lenor now seeks a federal habeas writ of habeas corpus, arguing that he is entitled to relief from his disciplinary conviction because his appeal was not properly investigated.[8] In several other related grounds for relief, Lenor contends that he was denied due process because the conviction was not supported by sufficient evidence or was based on harassment and retaliation for his previous grievances against the officer he was accused of assaulting.[9] For reasons set forth below, the Court finds that Lenor is not entitled to relief under the legal standard that governs disciplinary proceedings in the state prison context.

## II.  PRISON DISCIPLINARY PROCEEDINGS

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally

---

[6]  *Id.*

[7]  Step 1 and Step 2 Grievances [Doc. # 1-1], at 1-4.

[8]  Petition [Doc. # 1], at 6.

[9]  *Id.* at 6-7, 11-12.

protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). A Texas prisoner can demonstrate a constitutional violation in the prison disciplinary context only if he first satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Lenor cannot demonstrate a constitutional violation in this instance because, although he lost 15 days of good-time credit as the result of the challenged disciplinary conviction, he admits that he is not eligible for mandatory supervision.[10] This is fatal to Lenor's claims. *See Malchi*, 211 F.3d at 957-58.

Although the disciplinary conviction at issue also resulted in the loss of privileges, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Likewise, reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process

---

[10] Petition [Doc. # 1], at 5.

4

Clause.  *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).  In addition, temporary cell restriction or confinement in administrative segregation, standing alone, does not implicate a constitutionally protected liberty interest.  *See Sandin*, 515 U.S. at 473; *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (holding that "absent exigent circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest") (quoting *Pichardo v. Kinker*, 73 F.3d 612 (5th Cir. 1996)).  Under these circumstances, Lenor cannot demonstrate a violation of the Due Process Clause and his pending federal habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

### III.   CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*,

529 U.S. 473, 484 (2000)).  A certificate of appealability is required before an appeal may proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.  Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

**IV.   CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition filed by Donald Lenor (TDCJ #1675926) is **DENIED**, and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on July 25, 2017.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE